UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ELSA DAVILA | § | |
| | § | |
|     Plaintiff, | § | |
| v. | § | Civil Action No. 3:17-cv-33 |
| | § | |
| EL PASO COUNTY HOSPITAL | § | JURY DEMANDED |
| DISTRICT, | § | |
| and | § | |
| UNIVERSITY MEDICAL CENTER | § | |
| OF EL PASO | § | |
| | § | |
|     Defendants | § | |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Elsa Davila, by and through her undersigned attorney of record, and sues El Paso County Hospital District and University Medical Center of El Paso, (hereinafter collectively referred to as "Defendants") and in support thereof would show unto this Honorable Court as follows:

1. Plaintiff brings this action for unpaid minimum wage, unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff is an individual residing in El Paso County, Texas.

3. Defendant El Paso County Hospital District ("District") is the governing body that regulates the indigent healthcare system for El Paso County, Texas. The District is created by Chapter 281 of the Texas Health and Safety Code. The District is managed by its board members who are appointed by the El Paso County Commissioner's Court. From its members the board elects a chairman. Currently the chairman is James Stephen DeGroat. This Defendant can be

1

served with process by serving its Board Chairman, James Stephen DeGroat, 4815 Alameda, El Paso, Texas 79905.

4. Defendant University Medical Center of El Paso is a community owned body and a part of the El Paso County Hospital District. This Defendant can be served with process by serving its Chief Executive Officer, Jacob Cintron, 4815 Alameda, El Paso, Texas 79905.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

6. Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

7. At all times pertinent to this Complaint, Plaintiff was employed jointly by Defendants.

8. At all times pertinent to this Complaint, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

9. At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

13. Plaintiff worked for Defendants from approximately January 2009 to August 2016 as a Registered Nurse.

14. Plaintiff was a nonexempt hourly employee.

15. Defendants regularly refused to compensate Plaintiff for all hours worked each week. No justification or excuse existed for Defendants' practice of failing to compensate Plaintiff for all work performed each week.

16. As such, Defendants failed to pay Plaintiff minimum wages for all hours worked. Failure to pay minimum wages was and is in violation of the FLSA. Defendants willfully violated Plaintiff's rights under the FLSA.

17. Plaintiff regularly worked in excess of forty (40) hours per workweek (overtime hours).

18. Defendants were aware that Plaintiff regularly worked in excess of forty (40) hours per workweek.

19. During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked (overtime compensation).

20. No justification or excuse existed for Defendants' practice of failing to compensate Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked.

21. The acts described in the preceding paragraphs violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

22. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages and overtime which was not paid and which should have been paid.

23. Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to Plaintiff's unpaid minimum wage and unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

24. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above;

3. The Court award reasonable and necessary attorney's fees and costs; and

4. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted:

By: */s/ David G. Langenfeld*
    **David G. Langenfeld**
    Attorney-in-Charge
    State Bar No. 11911325
    LEICHTER LAW FIRM

      1602 East 7th Street
      Austin, TX  78702
      Tel.:  (512) 495-9995
      Fax:   (512) 482-0164
      Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFF**